UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DELROY BUTLER,                                          :
                                                        :
                            Plaintiff,                  :        **MEMORANDUM & ORDER**
                                                        :        15-CV-5646 (DLI)(CLP)
            -against-                                   :
                                                        :
CIGARETTE REALTY CO., LLC, STAPLES INC., :
STAPLES THE OFFICE SUPERSTORE LLC., and :
STAPLES THE OFFICE SUPERSTORE EAST      :
INC.,                                                   :
                                                        :
                            Defendants.                 :
-------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On September 30, 2015, defendants, Cigarette Realty Company, LLC ("Cigarette"), Staples Inc., Staples The Office Superstore LLC, and Staples The Office Superstore East Inc. (collectively, "Staples") (collectively with Cigarette, "Defendants"), filed a notice to remove this action from the Supreme Court of the State of New York, Queens County, to this Court. (Notice of Removal, Dkt. Entry No. 1.) On October 27, 2015, plaintiff Delroy Butler ("Plaintiff") filed a motion to remand this action to state court arguing that complete diversity is lacking. (Memorandum of Law in Support of Motion to Remand ("Mot. to Remand") at ¶ 2, Dkt. Entry No. 10-1.) On November 6, 2015, Defendants opposed Plaintiff's motion to remand on grounds of fraudulent joinder. (*See generally* Response in Opposition, Dkt. Entry No. 11.) For the reasons set forth below, Plaintiff's motion is granted and this matter is remanded to state court.

## BACKGROUND

Plaintiff is a resident of Queens County in the State of New York. (Complaint ("Compl.") at ¶ 1, Dkt. Entry No. 1-1.) Staples is a corporation incorporated in the State of Delaware with its principal place of business in Massachusetts. (Notice of Removal at ¶ 4, Dkt.

Entry No. 1.) Cigarette is a limited liability company that operates and has its principal place of business in the State of New York. (*Id*. at ¶ 6.) Cigarette is the lessor of the property upon which Staples operates its retail business in Queens. (Response in Opposition at 3; Compl. at ¶ 24.)

On July 15, 2015, Plaintiff commenced a state court action against Defendants sounding in negligence that arose out of a trip and fall incident while Plaintiff was traversing Defendants' parking lot. (Complaint ("Compl.") at ¶¶ 45, 46, 47, Dkt. Entry No. 1-1.) On an unspecified date, Defendants submitted to Plaintiff a proposed stipulation capping damages at $75,000.00. (Notice of Removal at ¶ 7.) Plaintiff declined the request and only "advised that the amount in controversy exceeds $75,000." (*Id*.) However, Plaintiff did not specify a specific amount in damages.

On August 19, 2015, Staples interposed an answer to the complaint. (*See generally* Verified Answer, Dkt. Entry No. 1-2.) On September 3, 2015, an amended answer was interposed on behalf of all Defendants. (*See generally* Amended Verified Answer, Dkt. Entry No. 1-2.) On September 30, 2015, Defendants filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, based upon the diversity of citizenship between Plaintiff and Staples. (*Id*. at ¶ 4.)[1]

In their Notice of Removal, Defendants contend that Plaintiff sued Cigarette "solely in an effort to destroy diversity jurisdiction" as Cigarette is "an absentee landlord" that does not operate or maintain the premises of the subject Staples Store. (Notice of Removal at ¶ 6.) Defendants further contend that the provisions of the lease agreement between Cigarette and

---

[1] It is questionable whether the removal to this Court was timely or proper since the actual amount in controversy still is unknown. *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) (finding that, in cases where removal is based upon diversity, facts required to support the removal petition, and thus required in a plaintiff's initial pleading in order to trigger the running of the 30-day limitations period for removal, include the amount in controversy and the address of each party). "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). However, since the Court finds there is no diversity here, the Court need not address these issues.

Staples do not obligate Cigarette to manage, inspect, maintain or repair the parking lot where Plaintiff claims to have fallen. (Response in Opposition at 3-4.) Defendants argue that because Plaintiff cannot state a cause of action or recover against Cigarette, Cigarette was fraudulently joined in this matter in order to defeat diversity jurisdiction. (*Id*. at 7.)

Plaintiff counters that Cigarette is a properly joined party as it is a limited liability company formed in the State of New York and it is customary to include lessors of premises in trip and fall lawsuits. (Mot. to Remand at ¶¶ 3, 4.) Plaintiff further asserts that Defendants have not met their burden of persuasion in demonstrating that Plaintiff fraudulently joined Cigarette in this litigation because the claims against Cigarette are standard tort causes of action supported by a reasonable basis in fact. (*Id*. at ¶ 6.)

## DISCUSSION

Congress has accorded the federal district courts original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a) (2000). The citizenship requirement for diversity jurisdiction has been construed to mean complete diversity such that each plaintiff's citizenship must be different from that of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## I.    The Doctrine of Fraudulent Joinder

The doctrine of fraudulent joinder is designed to prevent plaintiffs from joining non-diverse parties in a lawsuit in order to defeat federal jurisdiction. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). Under this doctrine, courts discount the presence of a non-diverse defendant if the pleadings indicate no possibility that the claims against that defendant could be asserted in state court. *Id*. "A plaintiff may not defeat diversity jurisdiction by improperly joining a non-diverse defendant with no genuine connection to the

matter. *Brown v. Eli Lilly and Co.*, 654 F.3d 347, 356 (2d Cir. 2011); *see also Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). However, the defendant bears the burden of proving fraudulent joinder by clear and convincing evidence, with all factual and legal ambiguities resolved in plaintiff's favor. *Briarpatch Ltd.*, 373 F.3d at 302. More specifically, "[i]n order to show that naming a non-diverse defendant is a fraudulent joinder effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).

It is undisputed that, if Cigarette is a proper party to this action, there is no diversity and this Court has no subject matter jurisdiction under 28 U.S.C. § 1332. Here, Plaintiff asserts that Cigarette may be held liable under New York law for Staples' negligence because Cigarette "is charged with the duty of providing the public with a reasonably safe premises, including a safe means of ingress and egress" and it failed to fulfill that duty. (Mot. to Remand at ¶ 4.) This duty turns on a number of factors, in particular, whether Cigarette reserved the right to enter the parking lot at any time and make repairs or perform maintenance of its own accord or pursuant to its responsibility to do so. *See Montgomery Ward & Co. v. New York Central Railroad Co.*, 389 F.2d 556, 558 (2d Cir. 1968). "The reservation of a right to inspect where there is no right to repair or maintain the property is not in itself enough to hold the landlord liable." *Id.*

**A. There Was No Fraud Committed in the Pleadings**

This Court finds that the complaint contains sufficient allegations of fact to support a finding of Cigarette's liability, either in whole or in part. Specifically, the complaint avers that

Cigarette is not only the owner and lessor of the premises on which Staples operates its retail store, but also that it manages, maintains, and bears the duty of keeping those premises in a reasonably safe and suitable condition for those lawfully traversing them. (Compl. ¶¶ 24, 28, 32, 36, 40.) Under New York law, a landowner must exercise reasonable care to maintain its premises in a safe condition in view of the circumstances, accounting for the possibility of injury to others, the severity of such injury, and the burden of avoiding such risk. *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 117 (2d Cir. 2000); *see Basso v. Miller*, 40 N.Y.2d 233, 241 (1976). "In cases involving liability for injuries arising from conditions on property, the existence of a duty generally depends upon 'occupancy, ownership, control or a special use of [the] premises' by the defendant." *Sutera v. Go Jokir, Inc.*, 86 F.3d 298, 302 (2d Cir. 1996) (quoting *Balsam v. Delma Engineering Corp.*, 139 A.D.2d 292, 296 (1st Dep't 1988)).

Defendants contend that Cigarette's relinquishment of control of the leased commercial property absolves it of liability for injuries sustained thereon. (Response in Opposition at 5.) Under New York law, an absentee landlord generally is not held liable in tort. *Delarosa v. Besser Co.*, 2010 WL 6496157, at *2 (S.D.N.Y. Nov. 2, 2010); *see also Boyles v. Petrucelli*, 921 F. Supp. 1200, 1201 (S.D.N.Y. 1996). However, as detailed further below, there are unresolved issues of fact based on the provisions of the lease agreement bearing on whether Cigarette retained or shared control over the premises with Staples. Since all factual and legal ambiguities must be resolved in Plaintiff's favor, Defendants have not met their burden of proving by clear and convincing evidence that fraud has been committed in Plaintiff's pleadings.

### B. Plaintiff Can State a Cause of Action Against Cigarette in State Court

Defendants also have not satisfied the alternate prong of the fraudulent joinder test of proving, by clear and convincing evidence, that there is no plausible state cause of action against

Cigarette.  *Pampillonia*, 138 F.3d at 461.  "'Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is no possibility of recovery is such a finding warranted.'"  *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 289 (E.D.N.Y. 2014) (quoting *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002)).

New York law provides that, "'[a]s a general rule, once possession has been transferred to a tenant, an out-of-possession landlord will not be held responsible for dangerous conditions existing upon leased premises.'"  *Schulman v. MyWebGrocer, Inc.,* 2015 WL 3447224, *2 (E.D.N.Y. May 28, 2015) (quoting *Davidson v. Wiggand*, 259 A.D.2d 799, 800 (3d Dep't 1999)).  However, an absentee landlord may be held liable where the landlord:  (1) retained control of the commercial property; (2) specifically contracted to repair or maintain the property; (3) assumed responsibility to repair or maintain the property by a course of conduct; or (4) affirmatively created a dangerous condition that resulted in injury.  *Id.*

Despite the assertions of Defendants and Edith Singer, the sole member of Cigarette[2], that Cigarette bears no management, maintenance, inspection or repair responsibilities for the commercial property at issue, the lease agreement between Cigarette and Staples indicates otherwise.  (Notice of Removal at ¶ 6; Affidavit of Edith Singer at ¶¶ 8, 9, 10, Dkt. Entry No. 11-4; *see generally* Lease, Dkt. Entry No. 11-5.)  Cigarette claims that repair and maintenance of the parking lot is solely Staples' responsibility pursuant to Section 8.1(h) of the Lease, which states that the tenant is to "[m]aintain and repair the Common Facilities as set forth herein pursuant to Section 4.4(b)."  (Lease at Section 8.1(h).)  Under the terms of the Lease, "Common Facilities" are defined as "[t]he sidewalks, driveways, parking areas, alleys, portions of any service area used by Tenant [Staples] in common with other tenants or available for use by other tenants in

---

[2] Cigarette became the successor in interest to the original landlords of the premises at issue, Paul Singer and John Rosatti, as of January 19, 2011.  (Third Amendment to Lease at 1, Dkt. Entry No. 11-5.)

the Center, Center signs, landscaping, if any, septic systems, cesspools and other facilities of the Center." (Lease at Section 2.2(a).) Indeed, it would appear at first blush, based on the language of Section 8.1 of the Lease, that maintenance and repair of these common areas of the premises are the exclusive province of Staples. (*Id*. at Section 8.1.) However, as borne out in Section 4.4 of the Lease, Cigarette bears a portion of the financial responsibility for the operation, maintenance and repair of the Common Facilities. (*Id*. at Sections 4.4(a), (b), (c) and (d).) Specifically, Section 4.4(d) provides that Staples "shall deliver to Landlord a statement containing a detailed breakdown of the Common Facilities Charge together with a statement showing the computation of Tenant's Share and Landlord's Share []." (*Id*. at Section 4.4(d).) Such a provision implies that, regardless of the landlord's involvement in performing the actual maintenance and repairs, the costs associated with that work will be apportioned between the landlord and the tenant.

Moreover, Section 4.4(e) makes clear that, upon the expiration of the first five lease years,[3] Cigarette must be consulted about capital repairs or expenditures exceeding $10,000.00. (*Id*. at Section 4.4(e).) Specifically, in the event that Staples determines that such repairs or expenditures are necessary, it is obligated to notify Cigarette in writing, whereupon Cigarette may decide what course of action to pursue. (*Id*.) Those courses of action include: (1) performing the capital repair or making the capital expenditure requested by Staples; (2) approving Staples' request and authorizing Staples to perform the capital repair or expenditure; or (3) arbitrating Staples' request if Cigarette disagrees with the need for capital repairs or expenditures. (*Id*. at Section 4(e)(A), (B) and (C).)

---

[3] The Lease at issue was entered into on January 10, 1991. (Lease at title page.) Therefore, the provisions enumerated in Sections 2.2, 4.4, and 8.1, which are applicable to the instant motion, became effective on January 11, 1996. Notably, the three amendments to the Lease did not alter these Sections.

Consequently, these lease obligations reveal that Cigarette is not entirely divorced from the performance, approval or financing of required maintenance and repairs on the subject premises. As such, these obligations are in harmony with the factual allegations in the complaint. When determining whether a defendant has been joined fraudulently, courts generally "apply the state pleading rules relevant to the particular pleading at issue." *MBIA Insurance Corp. v. Royal Bank of Canada*, 2009 WL 6357936, at *9 (S.D.N.Y. Dec. 30, 2009). New York's liberal pleading rules require only that a plaintiff provide "at least basic information concerning the nature of a plaintiff's claim and the relief sought." *Id.* (internal citation omitted); *see also Campisi v. Swissport Cargo Services, LP*, 2010 WL 375878, at *2 (E.D.N.Y. Jan. 26, 2010) ("the complaint is subjected to less searching scrutiny than on a motion to dismiss for failure to state a claim"). Indeed, the New York State Court of Appeals has held that "[a] pleading attacked for insufficiency must be accorded a liberal construction, and if it states, in some recognizable form, any cause of action known to our law, it cannot be dismissed." *Clevenger v. Baker Voorhis & Co.*, 8 N.Y.2d 187, 188 (1960); *see also Schlackman v. Robin S. Weingast & Associates., Inc.*, 18 A.D.3d 729, 730 (2d Dep't 2005).

Applying these liberal pleading standards, Plaintiff has stated a plausible cause of action against Cigarette in state court. *Pampillonia*, 138 F.3d at 461. At this stage, this Court cannot say with any certainty that there is no possibility that Plaintiff can prevail. *Ruiz v. Forest City Enterprises, Inc.*, 2010 WL 3322505, at *3 (E.D.N.Y. Aug. 20, 2010) (noting that the repair obligations of a landlord generally cannot be determined at the pleading stage). Defendants' assertion that Cigarette is an out-of-possession landlord with no liability for the failure to maintain the premises is questionable, or, at the very least, litigable, pursuant to the very lease provisions upon which they rely. Thus, Defendants have failed to meet their burden of proof in

order to establish fraudulent joinder because these factual ambiguities must be resolved in Plaintiff's favor at this juncture.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand this case to state court is granted. Accordingly, this case is remanded to the Supreme Court of the State of New York, Queens County under Index No. 8645/2015.

SO ORDERED.

Dated: Brooklyn, New York
November 24, 2015

_____
/s/
DORA L. IRIZARRY
United States District Judge
